Robert curtis williams III cdcr #AZ8444
Name and Prisoner/Booking Number

California state Prison / Sacramento
Place of Confinement

P.O. Box 290066
Mailing Address

Represa, California 95671
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert curtis williams III | ) |
| (Full Name of Plaintiff)  Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| (1) Psychiatrist Doctor, Ali | ) |
| (Full Name of Defendant) | ) |
| (2) | ) |
| | ) |
| (3) | ) |
| | ) |
| (4) | ) |
| Defendant(s). | ) |
| ☐ Check if there are additional Defendants and attach page 1-A listing them | ) |

CASE NO. 2:21-cv-1877 CKD (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint     Demand Jury
☐ First Amended Complaint     Trial
☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: California medical facility, Vacaville.

FILED

Oct 11, 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## B. DEFENDANTS

1. Name of first Defendant: Psychiatrist Doctor, Ali _____. The first Defendant is employed as:
   On call psychiatrist. _____ at California Medical facility _____.
          (Position and Title)                             (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
   _____ at _____.
          (Position and Title)                             (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____ at _____.
          (Position and Title)                             (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____ at _____.
          (Position and Title)                             (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes ☐ No

2. If yes, how many lawsuits have you filed? __3__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ Williams _____ v. _____ c/o Talley. et,al.
      2. Court and case number: _____ 2:19-cv-10502-GW-(SK)
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ Williams _____ v. _____ c/o Aceves
      2. Court and case number: _____ 2:21:-cv-00921-KJN
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ Williams _____ v. _____ c/o Castro. et,al
      2. Court and case number: _____ 1:20-cv-00617-None-SAB.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

D. 1. Cause of Action

1  claim#1. see: ford v. Gusman, u.s. Dist. ct. may 11, 2012. LEXIS-
2  91106. Deliberate Indifference/To serious medical need.

3

4  march 18, 2019 at approximantly 13:00 hrs. Plaintiff was
5  housed at california men's conley, state prison. Receiving
6  Psychiatric mental health treatment, at the Enhance
7  Out patient (E.O.P) level of care. Plaintiff suffer from
8  a clinical mental illness, and been clinically dignose
9  with Post traumatic stress disorder, Recurrent
10  major depression disorder and Exhibitionism. Plaintiff
11  was experiencing intrustive flash backs of being
12  Sexually assaulted by a correctional officer, during
13  a retaliatorial uncloth body strip search. During this
14  time Plaintiff made an actual suicide attempt by
15  Swollowing a twelve inch Piece of glass, he broke
16  off the dayroom window. Plaintiff was rushed to
17  San Luis Obispo reginional hospital, for this suicide
18  attempt and returned back to C.D.C.R cusdoy and
19  was transfered to the C.M.C east. Central treat-
20  ment center (C.t.c) and was place on a suicide
21  watch, one on one. Plaintiff is documented as a extremely
22  high Vurnlerablity to suicide. Plaintiff made at least
23  Six different actual Suicide attempts through out his
24  Prison incarceration.
25

26  Administrative Remedies:
27  Plaintiff exhust all available institutional administrative
28  remedies at the highest level.

(3)

1  Claim #2 see Greason V. Kemp. u.s. ct. of APPS. 11 cir Jan 9,
2  1990. 891. f.2d. 829. Deliberate Indifference/Failure to provent
3  Suicide attempt.
4
5  Due to plaintiff continueous suicide attempts and suicidal
6  behavior he was transfered to the California medical facility
7  on June, 05, 2020, to receive long term mental health treat-
8  ment for suicidal ideations and multple suicide attempts.
9  Plaintiff was housed in the psychiatric In Patient
10 administrive segregation (PIP-Ad-seg) unit for Indicent
11 exposure (I.E.X) Being isolated for a long period of time
12 had a psychological effect on the plaintiff and his
13 anxiety increase. Plaintiff Smuggled in a lose shaving
14 razor from his last institution. For three days plaintiff
15 been having increase of Suicidal ideations. During a
16 Suicide percaution follow-up interview with psychiatrist
17 Doctor. Psy. Dr. Ali (every day while on suicide watch or on
18 Suicide percaution a psychiatrist interview the patient to
19 see whether to continue or discontinue the suicide Pritection
20 observer.) During this time a Non Confidential cell font interview
21 was conducted by Psy. Dr. Ali and he asked the plaintiff " Are
22 You still suicidal." Plaintiff said "Yes, I have a razor and Im
23 about to kill myself with it" Psy. Dr. Ali said "Sorry theres nothing
24 I can do for you." And Discontinued Plaintiff from his 15 mintues
25 Suicide percaution . Theres a C.D.C.R. State wide Policy that
26 made an effect to identify and protect potentially suicidal inmates
27 Administrative Remedies:
28 Plaintiff exhust all available institution al administrative
29 Remedies at the highest level. (4.)

cause of action

Claim #3. see: Farmer v. Brennan. 511 U.S. 834 (1994)
            Equal Protection.


Plaintiff been participating in his therapeutic mental
health treatment groups and Plaintiff Learnt to reach
out to mental health staff and ask for Professional
help whenever he having suicidal thoughts and can-
not resist the urge of self injurious/suicidal behavior.
Plaintiff been repeatedly told that theres a twenty four
hour suicide provention plan in place for every inmate
nation wide that's in a crisis. Plaintiff sincerely believed
and [in]trusted his life in the hands of his psychiatric
So once plaintiff was experiencing intrustrive flashbacks
of a traumatic event and begun to contemplate suicide
he immediately told PSY. Dr. Ali of his active suicide
Plan and his intentions on carrying it through. During the
suicide precaution interview. But Because plaintiff was
housed inside Ad-Seg for a sex offense, PSY. Dr. Ali, Woefully
inadequate suicide provention response deliberately violated
Plaintiff U.S. constitution rights and maclisiously and sadisticly
deliberately violated the nation wide policy that made an
efford to identify and protect all potentially suicide inmates
in a crisis. And due to his failure to reasonably respond in
the same matter he would had responed to A Non sex offense
Ad-seg inmate. PSY. Dr. Ali deliberately violated Plaintiff
equal Protection right.
Administrative Remedies.
Plaintiff exhust all available institutional administrative
remedies at the highest level. (5)

Cause of Action

1  Claim #4 see: Pena V. N.Y. State Div. for Youth, 419. f. supp. 203-11
2  (S.D.N.Y. 1976). Crual and unusual punishment.
3
4  Plaintiff desprate pleas for help was ignored by, psy. Dr
5  Ali. Because psy. Dr. Ali Said "I reviewed your lock up
6  Placement and I don't tolerate patients that commit
7  indicent exposures." And for that reason alone psy. Dr
8  Ali failed to take reasonable steps to provent a inmate
9  threatening to commit suicide. A few hours later
10  Plaintiff swollowed the lose razor he smuggled into
11  the institution and made an actual suicide attempt.
12  In the hopes the he pierce his internal arteries
13  and bleed to death. Plaintiff was experiencing
14  Chest pains and had stoamch cramps and begun
15  feeling light headed, So Plaintiff Yelled "man down"
16  and started asking for medical attention. But NO
17  nurse acknowledge plaintiff, as they walked passed
18  his cell. So Plaintiff covered cell window with his
19  mattress until a emergency cell entry was executed.
20  Before the c/o's entered Plaintiff cell, he told the c/o's and
21  nurses that he swollowed a lose razor about one hour
22  ago. Psy. Dr. Ali than involuntary inject Plaintiff with
23  the anti psychotic tranquilizer thorazine this had NO
24  therapeutic value and thus was either implicitly or
25  explicitly used as punishment. Indubabley this was a
26  means of inducing behavior modification, Not for medical.
27  purposes. And was maliciously and sadistically used as a
28  retaliatorial psychiatric experimentation.
29  Administrative Remedies:
30  Plaintiff exhust all available institutional administrative
31  Remedies at the highest level. (6)

1  Claim #5. See: Lipsey V. Reddy. 9th cir. Est. dist. of calif
2  Oct, 18, 2018. U.S. Dist. LEXIS. 180144
3                    Substantive Due Process
4
5  Plaintiff position is, because psy. Dr. Ali failed to take
6  immediate Suicide Prevention action once he had the
7  actual Knowledge during the suicide precaution
8  interview. of Plaintiff Suicide Plan. Involuntary
9  injections was not absolutely necessary or medically
10 appropriate And During that crisis, psy-Dr. Ali Professionally
11 believed it was contrary to the evolving standards
12 of decency. courts have also concluded that involuntary
13 un-necessary treatment with psychotropic drugs
14 may Constitute cruel and unusual punishment. Plaintiff
15 is not "Kehea" and not court order to take involuntary
16 Psychiatric medication. So inmates that lack Capacity
17 to accept or refuse involuntary psychiatric medication
18 may be utilized after less restrictive non pharmaceutical
19 alternate have been deem unavailable or clinically
20 inappropriate or in a medical emergency. Plaintiff
21 should at the beare mimum should be afforded
22 greater options at his disposial. Plaintiff exercised
23 his patients Rights to refuse treatment. And protest
24 against taking these involuntary injections to psy-Dr. Ali
25 Due to the painful frightening long lasting effect
26 involuntary injections have. correctional officer. H. williams,
27 Senior Restigster Nurse. Jane Doe #1 and psychiatic
28 technian. ms. solo. was present and witness Plaintiff protest
29 Administrative Remedies:
30 Plaintiff exhust all available institutional administrative
31 Remedies at the highest level. (7)

1  Claim #6 See: Perry V. Sims. 7th cir. S. dist of IN.

2  Mar 12, 2019. U.S. Dist. LEXIS 40019.

4              Procedural Due Process.

6  Plaintiff alleges that similar events with purportedly
7  allows the use of involuntary medication as a form
8  of discipline, with out affording inmates their
9  Procedual due process violates the united states
10 constitution. Involuntary medication means the
11 administration or any psychiatric medication or drugs
12 to an inmate by use of force. Psy. Dr. Ali, violated
13 clear establish law and this malicious and sadistic
14 retaliatory deliberate indifference to plaintiff serious
15 medical-psychiatric need. Temorarily blind his
16 hypocritical docetor Oath, to save All human life.
17 Psy. Dr. Ali do not have the legal authority to
18 involuntary medicate any of his patients, with out
19 affording that patient a involuntary Psychotropic
20 medication fair and impartial. Kehea hearing. Due
21 to plaintiff being compatent and have the volutional
22 capacity to accept or refuse his medications By
23 Psy. Dr. Ali acting as Judge, Jury and executioner.
24 Volated plaintiff Constitutional and patient Rights.
25 Psy. Dr. Ali, knowingly or should had known that he
26 was violating plaintiff Procedural Due Process.

28 Administrative Remedies:
29 Plaintiff exhust all available institutional administrative
30 Remedies at the highest level. (8)

Statement of facts

Plaintiff Robert curtis williams III (AZ8444) was incarcerated at the california medical facility (c.m.f) on June.1, 2020 through July.17, 2021. Plaintiff transfered from the california men's coloney (C.M.C. east) central treatment center (C.T.C) crisis bed, to c.m.f, too receive long term mental health treatment, for Suicidal ideations and multple Suide attempts. See: Inter Discipline Treatment Team (IDTT) report: 6/07/20.

Plaintiff was transfered to the california medical facility (c.m.f) on June.7, 2020 and was housed in unit Q3, which is a acute administrative Segeration unit, that house and treat inmates with a verity of mental health disorders. Inmates with a high vurnlerablity to Suicide is the primary inmate population, thats qualify for and housed in the Psychiatric In Patient (PIP) unit. Plaintiff was also being treated for his Exhibitionist mental illness. See: farmer V. Brennan. 511, u.S. 834 (1994)

With-in twenty-four hours of Plaintiff arriving to c.m.f PIP, he made a Suicide attempt. But before this Suicide attempt, Plaintiff express his Suicidal ideations and suicide plan with Psy.Dr. Ali during a Suicide Precaution interview. Dr. Ali failed to take steps to provent the Suicide attempt.

(9)

Statement of Facts

Soley because plaintiff was housed in Ad-seg for a sex offense. See: Greason v. Kemp. u.s, ct. of Apps 11 cir, Jan. 9, 1990. 891 f.2d. 829.

Plaintiff threatened to commit Suicide, to Psy. Dr. Ali, All state personnal nation wide are or should be familar with the policy that made on effort to identify and protect potentially suicidal inmates. see: C.D.C.R.- Suicide provention plan, see: Ford v. Gusman, u.s. dist. may. 11, 2012. LEXIS 91106.

Plaintiff swollowed the lose razor he smuggled into the facility and made a actual suicide attempt. Hopeing to pierce internal arteries. Approximantly one hour later plaintiff started experiencing stoamch pain and chest pain, so he yelled man down attempting to receive medical attention. But plaintiff was being deliberately ignored by all nurses that walked by during their mandatory fithteen mintue security check. So plaintiff than covered his cell window with a state issue mattress, and told the nurses and officers of his previous suicide attempt. A emergency cell entry was executed immediately there after. Psy. Dr. Ali, ordered plaintiff three involuntary injections as a means of inducing behavior modification not for medical purposes These antipsychotics had No therapeutic value

(10)

Statement of facts

And thus was either implicitly or explicitly use as punishment. see: Pena v. N.Y. State Div. for youth, 419. f. supp. 203-211. (S.D.N.Y. 1976)

Plaintiff do not have a Kehea court order to take involuntary antipsychotics, there fore plaintiff is deem competent and have the capasity to accept or refuse treatment. Especially since the involuntary injections were not absolutely necessary or medically appropriate and was contrary to the evolving standards of decency. courts have also concluded that involuntary un-necessary treatment with psychotropic drugs may constitute cruel and unusual punishment. See: Mackey v. Procunier. 477 f. 2d, 877, 78 (9th cir 1973)

Even inmates who lack capacity to accept or refuse treatment have a liberty interest of protection from excessive dosage of antipsychtropic, and since Plaintiff is excused from this burden, He should have at least equal to, or greater protection from involuntary antipsychtropic. see: Lipsey v. Reddy, 9th cir. Est. dist. of. calif, Oct. 18, 2018. U.S. Dist LEXIS. 180144.

(11)

Since Plaintiff alleges that similar events which purportedly allows the use of involuntary injections as a form of discipline. Without affording inmates a fair and unbias Kehea court hearing. Defendant Psy. Dr. Ali, Violated Plaintiff Procedural Due Process. Involuntary medication means the administration or any Psychiatric medication or drug to an inmate by use of force. See: Perry V. Sims. 7th. cir. Southern District of IN. mar. 12, 2019. U.S. Dist. LEXIS. 40019.

1  See: Bomprezzi V. Kaprivnikar. No-11-CV-03344-REB-MEM.
2  2012. U.S. Dist. LEXIS. 186900, WL, 7763089.
3  Plaintiff suffer irreparable injuries from psychiatric
4  Doctor. Ali, deliberate and retaliatorial malicious and
5  Sadistic egregious mis conduct.
6  Plaintiff Suffers from: Insombia, related to night
7  mares of the Psychiatric administrating lethal acid
8  injection doses into his body.
9  Plaintiff suffers from: Anxiety attacks, related to
10  decrease of appirite and unexplain weight lost.
11  Plaintiff suffers from: sexual dysfunction, and can
12  not maintain a erection for a long period of time.
13  Plaintiff suffers from: Eye sensitivity to bright
14  lights, that cause excruciating migraine headaches.
15  Plaintiff suffers from: Cognive disorientate. and
16  became apprehension towards Authority figures.
17  Plaintiff suffers from: unexplain Recurrent pain
18  and Rigomersious in the arms and buttocks.
19  Plaintiff suffers from: Increase in suicidal ideations
20  and develope homicial ideations.
21  Plaintiff suffers from: unexplain Swollen of the throat
22  that cause difficulties breathing.
23  Plaintiff have a phobia and painful-frightening effect
24  of antipsycotic tranquilizer[S] (thorazine).
25  Plaintiff sincerely believe he was introduce to Doctors
26  from Hell and they were using him and other patients
27  as human lab rats for psychiatric experimentation and
28  this malicious and sadistic exposure to near death
29  experiences had a criplen effect that numb the
30  human heart and was repugnant of the conscience
31  of mankind.
(13)

V. Legal claim

Plaintiff re allege and incorpate by reference. A through. D, The Deliberate Indifference/to a serious medical need., Debliberate Indifference/to vurlnerablity to suicide., Retaliatory Excessive force, Failure to Protect, Equal Protection, Substantive Due process, Procedural Due process, and Shocking the human conscience. Violated Plaintiff Robert Curtis Williams III rights and Constituted, cruel and unusual punishment, Due process, Equal Protection, failure to protect, medically Deliberate Indifference. The Eighth and fourteenth amendment of the united States constitution.

Plaintiff has no plan adequate or complete remedy at law to redress the wrongs described here-in. Plaintiff has been and will continue to be irreparably injured by the defendants unless this court grant the declaratory and punitive relief which Plaintiff seeks.

(14)

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Where fore, plaintiff respectfully prays that this court enter Judgment granting plaintiff a declaration that the acts and omission described here-in violate plaintiff rights under the U.S. Constitution and laws of the united states. Plaintiff seeks punitive damages in the amount of $500,000 (five-hundred-thousand-dollars) against the name defendant and compensatory damages in the amount of the jury decretion for the emotional and psychological damages. Plaintiff sueing the defendant in his personal and individual capacity.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  September. 21, 2021
        DATE                                    SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

(15)

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☒ No | Tracking #: | CMF HC 2 0 0 0 0 9 0 6 |
|---|---|---|---|

G. TAN
RN

Staff Name and Title (Print)       Signature _MM Pan_       Date 6/15/20

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): WILLIAMS, ROBERT, C. | CDCR #: AZ-8444 | Unit/Cell #: Q-323 L |
|---|---|---|

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

ON JUNE 8th, 2020, I SPOKE TO PHD DR. ALI STATING THAT I'M SUICIDAL WHILE ON A SUICIDE PERCAUTION FOLLOW-UP INTERVIEW. I STATED THAT I WOULD CUT MYSELF WITH A RAZOR - DR ALI TOLD ME THAT THERE IS NOTHING HE COULD DO AT THAT TIME. AT 2345 THAT DAY I MADE A SUICIDE ATTEMPT BY SWALLOWING A RAZOR. I COVERED MY WINDOW AND A CELL EXTRACTION WAS MADE. SOON AFTER, DR. ALI FORCEFULLY MEDICATED ME BY GIVING ME (3) INJECTIONS. FOR THIS REASON, I FEEL THAT I AM BEING DISCRIMINATED AGAINST DUE TO MY MENTAL HEALTH DIAGNOSIS.

Supporting Documents Attached. Refer to CCR 3999.227   ☐ Yes   ☐ No

Grievant Signature: _FILLED OUT BY C/O DAVIS #92167 DUE TO LIMITED ISSUE, NO PAPERWORK ORDER_   Date Submitted: 6/11/2020

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.

| **SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☐ Yes ☒ No |
|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____

☐ Withdrawn (see section E)

☒ Accepted   Assigned To: Sanchez-Barker CMF-PHD   Title: Chief Psy.D.   Date Assigned: 6/17/20   Date Due: 8/18/20

Interview Conducted?   ☐ Yes ☒ No   Date of Interview: _____   Interview Location: _____

Interviewer Name and Title (print): _____   Signature: _____   Date: _____

Reviewing Authority Name and Title (print): S. Benavidez, HQM III   Signature: _Susan M. Ferry_   Date: 8/13/20

**Disposition:** See attached letter   ☐ Intervention   ☒ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant: AUG 14 2020

[Stamps: RECEIVED CMF JUN 15 2020 HCGO] [COMPLETED CMF AUG 14 2020 STAFF USE ONLY HCGO] [RECEIVED HCCAR SEP 08 2020] [COMPLETED HCCAR DEC 04 2020]

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☒ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments:

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

CMF HC 2 0 0 0 0 9 0 2

Tracking #: _____

| **SECTION C** | **Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response**, explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

Appellant is not involuntary medicated, and have a Right to refuse medication and or treatment. Appellant is Compatent to make these rational decisions for himself. Once appellant exercized this Right By verbally telling Dr. Ali that he refuse the three anti psychotic injectins that this on call psychiatric recommended. Dr. Ali deliberately violated appellant, patient Rights to refuse treatment by force medicating appellant, after appellant requested an alternate method of treatment, that don't involve psych meds. This was a retaliatory abuse of authority, That had a macilious intent to cause appellant physcial harm and mental angish. C/o. ms. H, Williams, psych Tech, ms Solo and CRN ms. Rosemary are appellant witnesses and have persenal knowledge of appellant refusing these 3 injections

**Grievant Signature:** _[signature]_      **Date Submitted:** August 30, 2020.

| **SECTION D** | **HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only** | Is a CDCR 602 HC A attached? ☐ Yes ☑ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):     Date: _____     Date: _____

☐ Withdrawn (see section E)   ☐ Accepted

☐ Amendment   Date: _____

Interview Conducted?     ☐ Yes  ☑ No     Date of Interview: _____     Interview Location: _____

Interviewer Name and Title (print): _____     Signature: _____     Date: _____

**Disposition:** See attached letter     ☐ Intervention          ☑ No Intervention

*This decision exhausts your administrative remedies.*

**HQ Use Only:** Date closed and mailed/delivered to grievant:     DEC 0 4 2020

| **SECTION E** | **Grievant requests to WITHDRAW health care grievance:** I request that this health care grievance be withdrawn from further review. Reason: |
|---|---|

**Grievant Signature:** _____     **Date Submitted:** _____

**Staff Name and Title (Print):** _____     **Signature:** _____     **Date:** _____

# STAFF USE ONLY

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

 CALIFORNIA CORRECTIONAL

# HEALTH CARE SERVICES



### Headquarters' Level Response

**Closing Date:** DEC 0 4 2020

**To:** WILLIAMS, ROBERT (AZ8444)
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696-2000

**From:** California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:** CMF HC 20000906

## RULES AND REGULATIONS

The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY

In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| **Issue** | | **Description** |
|---|---|---|
| Issue: | Staff Complaints ( Discrimination ) | You feel you are being discriminated against due to your mental health diagnosis. |

## HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.    [ ] Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate the Institutional Level Response adequately addressed your health care grievance issues, and is sustained at the headquarters' level.

You continue to be enrolled in the Mental Health Services Delivery System at the Psychiatric Inpatient Program acute level of care. You have been provided with the opportunity to access mental health services and clinical staff regarding your stated issues. Your mental health condition will continue to be monitored consistent with treatment guidelines, as outlined in the Mental Health Services Delivery System Program Guide.

---

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

Procedures related to medication management, including, but not limited to, prescribing, administration, refill requests, and transfers, are outlined in the Health Care Department Operations Manual, Section 3.2, Medication Management.

Departmental resource allocation and availability issues, coupled with a high volume of health care grievances have on occasion resulted in backlogs. When these occur, best efforts are used to redirect necessary and available resources to deal with those backlogs and eliminate them.

Your health care grievance has been delayed at the headquarters' level for the following reasons due to the State of emergency requiring the postponement of nonessential administrative decisions and actions, including normal time requirements for such decisions and actions.

Your medical and mental health conditions will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

Reviewed and Signed Date

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

P.O. Box 588500
Elk Grove, CA  95758



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response

**Closing Date:** AUG 1 4 2020

**To:**  WILLIAMS, ROBERT (AZ8444)
A S  2206001LP
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696-2000

**Tracking #:** CMF HC 20000906

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| **Issue** | **Description** |
| Issue: Disagreement with Treatment (Mental Health) | You feel you are being discriminated against due to your mental health diagnosis. |

## INTERVIEW
Pursuant to California Code of Regulations, Title 15, Section 3999.228(f)(1), an interview was not conducted as you did not request one by initialing the appropriate box on the CDCR 602 HC, Health Care Grievance.

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.      [ ] Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate that there is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures. Treatment determined to be medically or clinically indicated for another patient may not be determined to be appropriate for you; this does not constitute a violation of your right to impartial access to medically or clinically necessary health care.

You are enrolled in the Mental Health Services Delivery System at the Psychiatric Inpatient Program acute level of care. You have been provided with the opportunity to access mental health services and clinical staff

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

RECEIVED
HCCAB
SEP 0 9 2020

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

regarding your stated issues. Your mental health condition will continue to be monitored consistent with treatment guidelines, as outlined in the Mental Health Services Delivery System Program Guide.

While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

**LORI W. AUSTIN**
Chief Executive Officer
California Medical Facility

08/13/2020
Reviewed and Signed Date

---

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

HCCAR
SEP 0 8 2020