UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS WILLIAMS, III, | No. 2:21-cv-01877-CKD P |
| Plaintiff, | |
| v. | ORDER |
| ALI, | |
| Defendant. | |

Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was a mentally ill

2

prisoner at the California Medical Facility with a history of suicide attempts. On June 5, 2020, he was interviewed by Dr. Ali, the only defendant in this action. Plaintiff informed defendant Ali that he had an active plan to commit suicide as well as the means to do so since he had smuggled in a razor. Defendant Ali discontinued plaintiff's 15-minute suicide checks. A few hours later, plaintiff swallowed the razor in an attempt to commit suicide. Plaintiff called "man down," but no medical assistance was provided. So plaintiff boarded up his cell window and an extraction team entered his cell. Defendant Ali then forcibly medicated plaintiff with Thorazine without plaintiff's consent. By way of relief, plaintiff seeks compensatory and punitive damages.

### III.     Legal Standards

The Supreme Court has recognized an individual liberty interest in freedom from the forcible administration of antipsychotic medication that is protected by the due process clause of the Fourteenth Amendment. Washington v. Harper, 494 U.S. 210, 221-22 (1990); United States v. Ruiz-Gaxiola, 623 F.3d 684, 691 (9th Cir. 2010). However, when an inmate is a danger to himself or others, and treatment is in his medical interest, the due process clause permits the state to administer medication without the inmate's consent. Harper, 494 U.S. at 227; see also Riggins v. Nevada, 504 U.S. 127, 135 (1992) (emphasizing that "forcing anti-psychotic drugs on a convicted prisoner is impermissible absent a finding of overriding justification and a determination of medical appropriateness.").

In California, the procedural due process protections involved with the involuntary medication of prisoners is set out in Keyhea v. Rushen, 178 Cal.App.3d 526 (Cal. Ct. App. 1986). "A Keyhea order permits the long-term involuntary medication of an inmate upon a court finding that the course of involuntary medication is recommended and that the prisoner, as a result of mental disorder, is gravely disabled and incompetent to refuse medication, or is a danger to himself or others." Davis v. Walker, 745 F.3d 1303, 1307 n.2 (9th Cir. 2014).

### IV.     Analysis

After conducting the required screening, the court finds that plaintiff sufficiently alleges an Eighth Amendment deliberate indifference claim against defendant Ali. However, plaintiff does not state a cognizable Fourteenth Amendment claim against defendant Ali for forcibly

medicating him because the allegations in the complaint demonstrate that plaintiff was a risk to himself at the time that he was administered Thorazine. Plaintiff may choose to proceed on the claim found cognizable against defendant Ali, or he may attempt to cure the defects in his pleading by filing a first amended complaint. If plaintiff chooses to proceed on the Eighth Amendment deliberate indifference claim against defendant Ali, the court will construe this as a request to voluntarily dismiss the additional claim pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendant, and some do not. You must decide if you want to (1) proceed immediately on the Eighth Amendment deliberate indifference claim against defendant Ali; or, 2) amend the complaint to try to fix the

problems identified in this order with respect to the remaining claim against defendant Ali.  **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next.  If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will recommend dismissing the remaining claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff has the option to proceed immediately on the Eighth Amendment deliberate indifference claim against defendant Ali.  In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claim against defendant.
4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.
5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claim and proceed only on the cognizable claim identified above.

Dated:  January 10, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS WILLIAMS, III,<br><br>　　　Plaintiff,<br><br>v.<br><br>ALI,<br><br>　　　Defendant. | No. 2:21-cv-01877-CKD<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference claim against defendant Ali. Plaintiff voluntarily dismisses the remaining claim against defendant; **or**

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.


DATED:




　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

6