UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS WILLIAMS, III,<br><br>                Plaintiff,<br><br>        v.<br><br>ALI,<br><br>                Defendant. | No.  2:21-cv-01877-DAD-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on plaintiff's complaint alleging an Eighth Amendment deliberate indifference claim against defendant Ali.  See ECF Nos. 8 (screening order); 19 (service order).  Currently pending before the court is defendant's motion for summary judgment.  ECF No. 33.  Plaintiff has filed an opposition and defendant has filed a reply.  ECF Nos. 34, 35.  For the reasons explained below, the undersigned recommends granting the motion, in part, and denying it in part.

**I.      Allegations in the Complaint**

Plaintiff is a mentally ill prisoner at the California Medical Facility with a history of suicide attempts.  ECF No. 1 at 3-4.  On June 5, 2020, he was interviewed by Dr. Ali for a "suicide percaution [sic] follow-up…."  ECF No. 1 at 4.  Plaintiff informed defendant Ali that he was still suicidal and had an active plan to commit suicide as well as the means to do it since he

1

had smuggled in a razor blade. ECF No. 1 at 4. Defendant Ali responded by saying "sorry theres [sic] nothing I can do for you." Id. Defendant discontinued the 15 minute suicide precaution checks on plaintiff. Id. A few hours later, plaintiff swallowed the razor blade in an attempt to commit suicide. Plaintiff called "man down," but no medical response occurred so plaintiff boarded up his cell window with his mattress. ECF No. 1 at 6. This prompted a cell extraction. ECF No. 1 at 6.

## II.     Factual and Procedural History

Following service of the complaint, the court referred this case to the post-screening ADR project and stayed the matter for the purposes of scheduling a settlement conference. ECF No. 24. During the stay of this case, defendant filed a motion for summary judgment. ECF No. 29. The court struck the motion as being filed in violation of a court order and reset the deadline for defendant to opt-out of the settlement conference. ECF No. 30. Defendant Ali filed a motion to opt out of the ADR project and re-filed the motion for summary judgment on November 4, 2022. ECF Nos. 31, 33.

In the motion, defendant first contends that he is entitled to summary judgment on the Eighth Amendment deliberate indifference claim based on plaintiff's failure to exhaust his administrative remedies. ECF No. 33. Specifically, defendant argues that "[p]laintiff's grievance concerning his June 5, 2020 interaction with defendant Ali, which is attached to his complaint, does not mention the alleged discontinuing of the suicide checks." ECF No. 33 at 6. There is no CDCR grievance log submitted by defendant in connection with the summary judgment motion. Defendant solely relies on the attachments to plaintiff's complaint to support his argument. On the merits, defendant contends that there are no genuine issue of material facts in dispute because defendant Ali was not even at work on June 5, 2020 as alleged in the complaint. ECF No. 33 at 6. Additionally, defendant asserts that plaintiff has not proven the necessary elements of his request for punitive damages. Id. at 6-7. Defendant also moves for summary judgment on the basis of qualified immunity, arguing it would not have been clear to a reasonable medical professional that his conduct violated clearly established law at the time. Id.

Plaintiff filed an opposition in which he seeks to have consideration of the summary

judgment motion deferred pursuant to Rule 56(d) of the Federal Rules of Civil Procedure because he has not had access to the necessary facts to oppose it and needs additional time to conduct discovery. ECF No. 34 at 1-2. Specifically, plaintiff submitted medical records demonstrating that he was hospitalized for over a month due to acute renal failure. ECF No. 34 at 12-59. After being discharged from the hospital, plaintiff was sent to the California Health Care Facility ("CHCF"), but his legal property was not transferred with him. Plaintiff had to file a grievance in order to regain access to his legal property. ECF No. 34 at 70-73. In attempting to respond to the merits of the motion for summary judgment, plaintiff relies on his verified complaint. ECF No. 34 at 2-3. With respect to the date of the allegations, plaintiff submits that CDCR has a flexible system of allowing employees to switch their days off, or plaintiff could have simply got the date of the incident confused. The remainder of the opposition concerns defendant's use of forcibly medicating plaintiff which is not before the court based on plaintiff's election to proceed solely on the Eighth Amendment deliberate indifference claim. See ECF No. 18 (notice of election).

By way of reply, defendant asserts that plaintiff's opposition ignores the Eighth Amendment issue in this case. ECF No. 35 at 2. "Given that Plaintiff has failed to 'set forth specific facts showing that there remains a genuine issue for trial' and evidence 'significantly probative as to any [material] fact claimed to be disputed,' Defendant is entitled to summary judgment." ECF No. 35 at 2. Defendant's reply does not address plaintiff's request to defer consideration of the motion based on his lack of access to necessary facts to support his opposition.

### III. Legal Standards

#### A. Summary Judgment

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials…." Fed. R.

3

Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the

facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, ... until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner must exhaust his administrative remedies before he commences suit.  McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant.  Jones v. Bock, 549 U.S. 199, 216 (2007).  In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment.  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc).  An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement.  Woodford v. Ngo, 548 U.S. 81, 84 (2006).

In order to defeat a properly supported motion for summary judgment based on a prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with some evidence showing" that he has either (1) properly exhausted his administrative remedies before filing suit or (2) "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'"  Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767,

778 n.5) (9th Cir. 1996)); Jones, 549 U.S. at 218. "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). If there is at least a genuine issue of material fact as to whether the administrative remedies were properly exhausted, the motion for summary judgment must be denied. See Fed. R. Civ P. 56(a). When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." Albino, 747 F.3d at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. Id. at 1171.

### C. CDCR Grievance Procedure

In June 2020, the California Department of Corrections and Rehabilitation ("CDCR") provided an administrative remedy for inmates challenging "health care policies, decisions, actions, conditions, or omissions that have a material adverse effect on their health or welfare. Cal. Code Regs. tit. 15, § 3999.226(a). A grievance is initiated by completing a CDCR 602 HC form that contains "all information known and available to him or her regarding the issue" including "any involved staff member's last name, first initial, title or position, and the date(s) and description of their involvement." Cal. Code Regs. tit. 15, § 3999.227(g). Health care grievances are reviewed at the institutional level and then at the headquarters' level if the inmate is dissatisfied with the institutional response. Cal. Code Regs. tit. 15, § 3999.226(a)(1); Cal. Code Regs. tit. 15, § 3999.228 (Institutional Level Health Care Grievance Review"); Cal. Code Regs. tit. 15 § 3999.230 (Headquarters' Level Health Care Grievance Appeal Review). To properly exhaust administrative remedies, an inmate must receive a disposition at the

headquarters' level of review.  Cal. Code Regs. tit. 15, § 3999.226(g).

### IV.     Undisputed Material Facts

The court views the facts and draws all inferences in the manner most favorable to plaintiff as the non-moving party.  Unless otherwise indicated, the following facts are expressly undisputed by the parties or the court has determined them to be undisputed based on a thorough review of the record.

Plaintiff does not dispute the existence of an administrative remedy at the California Medical Facility where he was an inmate at the time of the events giving rise to the complaint in this action.  See ECF No. 1 at 1.  The administrative appeal that relates to the allegations in plaintiff's complaint was submitted on June 11, 2020 and assigned **Appeal Log Number CMF HC 20000906**.[1]  ECF No. 1 at 17.  The grievance issue was explained as follows:

> On June 8th, 2020, I spoke to PhD Dr Ali stating that I'm suicidal while on a suicide percaution[sic] follow-up interview.  I stated that I would cut myself with a razor.  Dr. Ali told me that there is nothing he could do at that time.  At 2345 that day I made a suicide attempt by swallowing a razor.  I covered my window and a cell extraction was made.  Soon after, Dr. Ali forcefully [sic] medicated me by giving me (3) injections.  For this reason, I feel that I am being discriminated against due to my mental health diagnosis.

Defendant does not dispute that plaintiff pursued this administrative grievance through the final level of review at the Headquarters' Level.  See ECF No. 1 at 19-22.

Defendant Ali's timesheet from June 2020 indicates that he was not at work on June 5, 2020 because it was his regular day off.  ECF No. 33-1 at 4 (Defendant's Separate Statement of Undisputed Material Facts); ECF No. 33-3 at 2, 4 (Declaration of Dr. Ali and Timesheet of Dr. Ali).  The declaration submitted by defendant Ali further indicates that "[d]uring June 2020, my only interactions with Plaintiff Williams occurred on June 7, 2020."  ECF No. 33-3 at 2.

### V.     Analysis

The court finds that defendants have carried their initial burden of proving the availability of administrative remedies.  See Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015)

---

[1] Interestingly, defendant ignores the fact that the grievance was "filled out by C/O Davis #92167 due to limited issue, no paperwork order" for plaintiff.  ECF No. 1 at 17.

7

1  (citations omitted).  Therefore, the burden shifts to plaintiff to come forward with evidence that
2  he has properly exhausted his claim against defendant or that the existing administrative remedies
3  were effectively unavailable to him.  Id.

4  In this case, plaintiff has put forth evidence of his exhaustion of administrative remedies
5  by attaching the relevant grievance to his complaint.  The CDCR's regulations governing the
6  factual specificity of a health care grievance determine whether plaintiff has properly exhausted
7  his claim for PLRA purposes.  See Jones v. Bock, 549 U.S. 199, 218 (2007); Griffin v. Arpaio,
8  557 F.3d 1117, 1120 (9th Cir. 2009) (only requiring sufficient facts to alert the prison to "the
9  nature of the wrong for which redress is sought.").  The undersigned finds that this grievance
10  adequately put prison officials on notice of the mental health treatment that was **not** provided by
11  defendant Ali for plaintiff's suicidal ideation.  See Reyes v. Smith, 810 F.3d 654, 659 (9th Cir.
12  2016) (emphasizing that "[u]nder the PLRA, a grievance 'suffices if it alerts the prison to the
13  nature of the wrong for which redress is sought.'") (citations omitted).  Specifically, the grievance
14  indicated that defendant responded to plaintiff by telling him "there is nothing that he could do at
15  that time…." ECF No. 1 at 17.  This lack of assistance was the "omission that had a material
16  adverse effect upon" plaintiff's "health or welfare" for which he sought an administrative remedy.
17  ECF No. 1 at 17.  Plaintiff adequately described the nature of the wrong in his health care
18  grievance which was the denial of mental health assistance resulting in his suicide attempt.  See
19  Reyes, 810 F.3d at 659.  While defendant quibbles over whether plaintiff's grievance concerned
20  failing to continue 15-minute checks or failing to place plaintiff on 1:1 suicide watch, either way,
21  it constitutes an omission by defendant Ali.  Plaintiff complied with CDCR regulations by
22  specifically identifying the prison official responsible and describing what "health care policy,
23  decision, action, condition, or omission" had an adverse effect on his health.  See Cal. Code Regs.
24  tit. 15, § 3999.226(a).  Additionally, defendant does not dispute that this health care grievance
25  was appealed to the final level of administrative review at the headquarters level.  Since this
26  health care grievance put prison officials on notice of the nature of the wrong committed by
27  defendant Ali and it was pursued through all levels of administrative review, defendant has not
28  carried his burden of demonstrating the absence of a genuine dispute concerning plaintiff's

8

exhaustion of administrative remedies. Albino, 747 F.3d at 1172. Therefore, the undersigned recommends denying defendant's motion for summary judgment on exhaustion grounds.

Turning to the deliberate indifference claim, the undersigned finds that the undisputed material facts demonstrate that defendant Ali was not working at CMF on June 5, 2020 as alleged in the complaint. Thus, defendant is entitled to summary judgment. However, this deficiency can be cured by amendment of the complaint. A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). Therefore, the undersigned recommends granting summary judgment but allowing plaintiff leave to amend the complaint.

As to the remaining grounds in the summary judgment motion, the undersigned recommends granting plaintiff's request to defer consideration of the motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Based on plaintiff's lack of access to his legal property, the court finds that plaintiff has met his burden under Rule 56(d). Moreover, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). In this case, plaintiff has not had a meaningful opportunity to conduct discovery. Therefore, the undersigned recommends denying defendant's motion for summary judgment on the remaining grounds without prejudice to refiling upon completion of discovery in this case.

**Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned recommends denying defendant's motion for summary judgment since you gave prison officials notice of defendant Ali's failure to respond to your plan to commit suicide with a razor blade. However, the undisputed material facts demonstrate that defendant Ali was not working on the date in your complaint. So, the court recommends granting defendant Ali summary judgment, but allowing you to amend your complaint to fix this problem. The remaining grounds in the summary judgment motion can be refiled after discovery has been completed in this case.

If you disagree with these recommendations in your case, you may explain why they are not the correct result. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations" and file it with the court within 14 days from the date of this order. The district court judge assigned to your case will review your objections and make the final decision in a written order.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 33) be denied on exhaustion grounds, but granted because the undisputed material facts demonstrate that defendant Ali was not working on the date alleged in the complaint.
2. Plaintiff be granted leave to file a first amended complaint within 30 days from the adjudication of these Findings and Recommendations.
3. Plaintiff's motion to defer consideration of the remaining grounds in the motion for summary judgment be granted pursuant to Rule 56(d) of the Rules of Civil Procedure.
4. The remaining grounds in defendant's motion for summary judgment be denied without prejudice to refiling after discovery has been completed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 5, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/will1877.msj.docx