1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT CURTIS WILLIAMS, III,              No.  2:21-cv-01877-DAD-CKD (PC)

12                   Plaintiff,                   ORDER ADOPTING THE PENDING
                                                  FINDINGS AND RECOMMENDATIONS IN
13           v.                                   PART AND DENYING DEFENDANT'S
                                                  MOTION FOR SUMMARY JUDGMENT
14    M. ALI,
                                                  (Doc. Nos. 33, 36)
15                   Defendant.

16

17

18           Plaintiff Robert Curtis Williams, III is a state prisoner proceeding *pro se* and *in forma*

19    *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a

20    United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21           On May 5, 2023, the assigned magistrate judge issued findings and recommendations,

22    recommending that defendant's motion for summary judgment (Doc. No. 33) be denied to the

23    extent it was based upon plaintiff's purported failure to exhaust his administrative remedies prior

24    to filing suit but granted to the extent the motion was based upon defendant Dr. Ali's contention

25    that he was not working at the institution in question on the specific date plaintiff had alleged

26    defendant Dr. Ali had subjected him to deliberate indifference by failing to take steps to prevent

27    his suicide attempt.  (Doc. No. 36 at 7–10.)  The pending findings and recommendations also

28    recommended, however, that plaintiff be granted leave to file an amended complaint to cure the

apparent error as to the specific date plaintiff had alleged that the deliberate indifference occurred. (*Id.* at 9–10.)  Finally, the magistrate judge recommended that to the extent that defendant moved for summary judgment on additional grounds, that the motion be deferred pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and denied without prejudice to its renewal upon the completion of discovery in this case.  (*Id.*)

The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service.  (*Id.* at 14.)  On May 16, 2023, defendant filed timely objections to the findings and recommendations.  (Doc. No. 37.) Plaintiff did not file objections and the time to do so has passed.

In the objections, defendant Dr. Ali's counsel argues that the magistrate judge's recommendation that summary judgment be granted in defendant's favor as to plaintiff's deliberate indifference claim but that plaintiff be granted leave to amend his complaint with respect to the date of his alleged interaction with the defendant, is both "procedurally improper" and "flawed."  (Doc. No. 37 at 2.)  Defendant contends that leave to amend can only be granted in connection with an order of dismissal, not one granting summary judgment.  (*Id.*)  Defendant also argues that plaintiff alleged in his October 11, 2021 complaint that his interaction with defendant took place on June 5, 2020 and has had "several years" to clarify the alleged date of that interaction but has failed to do so and should not be allowed to do so now.[1]  (*Id.* at 2–3.)

Defendant's objection to the recommendation that leave to amend be permitted following the granting of summary judgment is, on its surface, perhaps somewhat persuasive.  *But see Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir. 1990) ("Edwards did not call the request in her opposition to OPC's motion for summary judgment a 'motion for leave to amend,' and she did not tender a formal amendment.  But these circumstances did not preclude the district court from granting leave to amend.").  However, the court disagrees with defendant's

---

[1]  Defendant did not raise any objection to the magistrate judge's recommendations that defendant's motion for summary judgment be denied with respect to defendant's argument that plaintiff failed to exhaust his administrative remedies and that defendant's remaining grounds for summary judgment be deferred until the completion of discovery pursuant to Federal Rule of Civil Procedure 56(d).  (*See* Doc. No. 37.)

argument that the granting of leave to amend as to the alleged date of the parties' interaction is somehow inappropriate due to delay on the part of plaintiff.  In any event, these issues turn out to play no role in the resolution of defendant's pending motion for summary judgment.  That is because defendant's motion is based entirely on the premise that plaintiff alleged in his complaint that his interaction with Dr. Ali took place on June 5, 2020, and yet the undisputed evidence before the court establishes that defendant Dr. Ali was not working at the California Medical Facility (CMF) on June 5, 2020.  (Doc. No. 33 at 6–8, 11–13.)  The magistrate judge found only this aspect of defendant's motion for summary judgment to be persuasive[2] and, likely sensing the unfairness of granting summary judgment based on a *pro se* prisoner's apparent error as to the precise date in early June of 2020 that the incident occurred, instead creatively recommended the granting of summary judgment with leave to amend.  The problem is, plaintiff has never alleged that his interaction with defendant Dr. Ali at CMF occurred on June 5, 2020.

The undersigned has carefully reviewed plaintiff's complaint with respect to the dates of events that are alleged therein.  That review reflects that plaintiff has alleged as follows.  Due to his repeated suicide attempts he was transferred to CMF on June 5, 2020.  (Doc. No. 1 at 4:7.)  "For three days plaintiff been having increase of suicidal ideations."  (*Id*. at 4:14–15.)  Plaintiff then alleges that the interaction that lies at the heart of his claim in this case occurred "[d]uring a

---

[2]   As to the remaining grounds that were raised in defendant's motion for summary judgment regarding punitive damages and qualified immunity, the magistrate recommended as follows:

> As to the remaining grounds in the summary judgment motion, the undersigned recommends granting plaintiff's request to defer consideration of the motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.  Based on plaintiff's lack of access to his legal property, the court finds that plaintiff has met his burden under Rule 56(d).  Moreover, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs.  *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988).  In this case, plaintiff has not had a meaningful opportunity to conduct discovery.  Therefore, the undersigned recommends denying defendant's motion for summary judgment on the remaining grounds without prejudice to refiling upon completion of discovery in this case.

(Doc. No. 36 at 9.)  The undersigned will adopt this aspect of the findings and recommendations in full.

suicide percaution (sic) follow-up interview with psychiatrist Doctor psy. Dr. Ali." (*Id*. at 4:16–17.)  Later in his complaint, however, plaintiff alleges that he was transferred to CMF on June 7, 2020 (as opposed to June 5, 2020).  (*Id*. at 9:13.)  Moreover, plaintiff then alleges that it was "[w]ith-in (sic) twenty-four hours of plaintiff arriving" to CMF that he attempted suicide but before doing so expressed his plan to defendant Dr. Ali who failed to take steps to prevent that suicide attempt.  (*Id*. at 9:23–28.)  Finally, in his June 11, 2020 inmate grievance regarding this incident and his interaction with defendant Dr. Ali, which is attached to his complaint, plaintiff wrote that he spoke to defendant Ali regarding his suicide plan on June 8, 2020.  (*Id.* at 17.)

It is axiomatic that "*[p]ro se* complaints 'must be held to less stringent standards than formal pleadings drafted by lawyers,' 'especially when they are civil rights claims by inmates.'" *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (internal citations omitted); *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023); *see also Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) ("[W]here, as here, a plaintiff proceeds *pro se*, we must 'construe the pleadings liberally' and 'afford the petitioner the benefit of any doubt.'") (citation omitted).  This liberal pleading standard applies to the factual allegations of a *pro se* plaintiff's complaint.  *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

It appears clear to the undersigned that plaintiff did not allege in his complaint that he discussed his plan to commit suicide with defendant Dr. Ali on June 5, 2020.  Rather, a fair reading of the allegations of his *pro se* complaint are that this interaction with defendant took place on June 7 or June 8, 2020, and that is certainly true if plaintiff's allegations are liberally construed.[3]  Plaintiff's *pro se* complaint is sufficiently specific as to when plaintiff's interaction with defendant Dr. Ali occurred and what was communicated by both to the other to adequately put defendant on notice as to the nature of plaintiff's claim.  Indeed, even "on or about" pleading has been recognized as permissible in federal civil litigation under some circumstances.  *See Beluca Ventures LLC v. Einride Aktiebolag*, No. 21-cv-06992-WHO, 2022 WL 17252589, at *5

---

[3]  Defendant Dr. Ali's counsel appears to have concluded that plaintiff alleged that his conversation with defendant Dr. Ali took place on June 5, 2020, not from plaintiff's complaint but rather from the magistrate judge's screening order which erroneously referred to June 5, 2020, as the alleged date of that interaction.   (Doc. No. 33 at 8) (citing Doc. No. 8 at 2:28–3:1).

(N.D. Cal. Nov. 28, 2022) ("Given the oral nature of the communication, 'on or about' pleading is sufficiently definite and not a material deviation from the original complaint.  It is proper.  And given the still early stage of this litigation, there is no prejudice to Einride.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including defendant's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1.      The findings and recommendations issued on May 5, 2023 (Doc. No. 36) are adopted only in part;

2.      To the extent defendant's motion for summary judgment (Doc. No. 33) is based upon plaintiff's alleged failure to exhaust his administrative remedies prior to filing suit, the motion is denied;

3.      To the extent defendant's motion for summary judgment (Doc. No. 33) is premised on the undisputed evidence before the court that defendant Dr. Ali was not working at CMF on June 5, 2020, the motion is also denied for the reasons explained above;

4.      Plaintiff's motion to defer consideration of the remaining grounds presented in defendant's motion for summary judgment is granted pursuant to Rule 56(d) of the Federal Rules of Civil Procedure;

5.      Defendant's motion for summary judgment to the extent based upon the remaining grounds presented in that motion is denied without prejudice to refiling after discovery in this case is closed; and

6.      This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **September 12, 2023**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE